UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

Derrick Hamilton,

                        Plaintiff,                        **Hon. Hugh B. Scott**

                                                                  03CV527E

                          v.                                  **Decision**
                                                                    **&**
                                                                  **Order**

James Conway et al.,

                        Defendant.
_____

      Before the Court is the plaintiff's motion for sanctions pursuant to Rule 37 of the Federal Rules of Civil Procedure. (Docket No. 32).

      The plaintiff claims that defendant Randy James failed to provide truthful responses to certain discovery requests. Hamilton points to Interrogatory No. 2. (Docket No. 32 at page 2) which states as follows:

> Were you working Attica Correctional Facility on June 15, 2003? If so state: (i) What was your tour of duty? (ii) What was your official title on June 15, 2003? (iii) How long you have been employed by the New York State Department of Correction [sic]? (iv) Did you have any specific area of coverage on the above date? (v) Did you have an occasion to approve placement of Derrick Hamilton in a strip cell / drug watch room on June 15, 2003?

James responded:

> No, I was not working at Attica on June 15, 2003. (i) Not applicable. (ii) I was Deputy Superintendent for Security on June 15, 2003. (iii) I have been employed by the New York State Department of Correctional Services for 26 years. (iv)

Not applicable. (v) Not applicable.

Hamilton argues that this response is inconsistent with James' response to plaintiff's request for admissions. (Docket No. 32 at ¶ 6). In Request for Admission #2, the plaintiff' asked:

> In your November 4, 2005, response you stated that you were not working on June 15, 2003, are you sure that you were not the officer of the day on June 15, 2003?

To that request for admission James responded:

> I was not working and was not present at the facility on June 15, 2003. I was on call as officer of the day on that date.

The plaintiff points to the fact that James admits that he ordered the plaintiff to be placed in the special drug watch room on June 15, 2003. (Docket No. 32 at ¶ 7). These facts are not disputed.

The plaintiff contends that James responses are inconsistent and, therefore, subject to sanction under Rule 37. The defendants assert that there are no inconsistencies between James' various discovery responses. They contend that James was not "working" at Attica on June 15, 2003, but was the "Officer of the Day." (Docket No. (Docket No. 34 at ¶¶ 28-30). According to the defendants, the "Officer of the Day" need only be "on call" and need not be physically present at the facility on that date. (Docket No. 34 at ¶ 29). The defendants state that James did approve Hamilton's placement in the special drug watch room on that date, notwithstanding the fact that he was not "working" at Attica on June 15, 2003. The plaintiff has not presented any evidence or articulated any basis to dispute the assertion that James was not physically present at Attica on June 15, 2003, that James did not conduct an investigation involving hamilton, and

that, as Officer of the Day, he was contacted by telephone for approval to place Hamilton in the drug watch room.

The Court finds no meaningful inconsistencies between James' responses to the various interrogatories and request for admission. The essence of plaintiff' argument is semantical: James was "working" on June 15, 2003 because he was "Officer of the Day" even if he was not present at Attica on that date. The Court need not further investigate the respective meanings of the word "working" and which of the parties' respective interpretations of the word best fits the situation. James' responses to the discovery requests, semantical definitions aside, appear to state undisputed facts: he was not present at Attica on June 15, 2003, he was Officer of the Day on June 15, 2003, he did not personally conduct any investigation relating to Hamilton on June 15, 2003, and he approved Hamilton's placement in the special drug watch room on that date. In this regard, James' responses are not misleading, evasive or false.

The plaintiff has failed to establish that sanctions are warranted in this matter pursuant to Rule 37. Further, the Court notes that the plaintiff has not certified, as required under the Rule, that he made a good faith effort to confer with the defendants about the discovery dispute prior to filing the instant motion for sanctions. See Rule 37(a)(2)(B).

The motion for sanctions is denied.

So Ordered.

/s/ Hugh B. Scott
United States Magistrate Judge
Western District of New York

Buffalo, New York
December 14, 2006

3